UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61988-RAR

**DONALD S. GOLDRICH**, *individually*,
**DONALD S. GOLDRICH**, *as Trustee of the*
*Donald S. Goldrich Revocable Living Trust*,

    Plaintiffs,

v.

**NATIONAL SPECIALTY**
**INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Remand [ECF No. 5] ("Motion"). Having considered the Motion, Defendant's Response in Opposition [ECF No. 6], all related filings, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 5] is **DENIED** for the reasons set forth below.

## BACKGROUND

This action arises from a homeowner's insurance policy between the parties. On November 8, 2020, Plaintiffs' home suffered damage as a result of Tropical Storm Eta. State Court Complaint [ECF No. 1-A] at ¶ 7 ("Compl."). Plaintiffs proceeded to file a claim under the policy for property damage and allege that Defendant failed to pay the full benefits due under the policy. *Id.* at ¶ 11. Consequently, Plaintiffs commenced this action asserting a breach of contract claim in the Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, on June 1, 2021. *See generally, id.* The Complaint does not plead a specific amount in damages; it

states only that the damages exceed $30,001—the jurisdictional minimum in the state court where it was filed. *Id.* at ¶ 1.

On June 25, 2021, Defendant served a Request for Admissions seeking information on Plaintiffs' claim for damages. Defendant's Federal Diversity Jurisdiction Requests for Admission to Plaintiffs [ECF No. 1-B]. In their Response to Defendant's Request for Admissions, filed on August 25, 2021, Plaintiffs admitted to their Florida citizenship and to seeking an amount exceeding $75,000. Plaintiffs' Response to Defendant's Federal Diversity Jurisdiction Requests for Admission to Plaintiffs [ECF No. 1-C]. On September 22, 2021, Defendant filed a Notice of Removal to federal court, asserting subject matter jurisdiction based on Plaintiffs' admissions. *See generally* Not. of Removal [ECF No. 1]. Plaintiffs are citizens of Florida, and Defendant is a Texas corporation with its principal place of business in Texas. *Id.* at ¶ 15-17.

## LEGAL STANDARD

A defendant may remove a case from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441. Such cases include actions where the federal court has diversity jurisdiction under 28 U.S.C. section 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy exceeding $75,000.

As to the timeliness of removal, Congress has established a bifurcated removal regime whereby a state court defendant may remove a case to federal court at one—and, critical to this case, only one—of two procedurally distinct moments in time. If the initial pleading is removable on its face, 28 U.S.C. section 1446(b)(1) requires removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based." Otherwise, "a notice of removal may be filed within 30 days after receipt by the

defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). District courts in this Circuit construe the 30-day removal period prescribed by section 1446(b) to commence as soon as a defendant can ascertain intelligently that the action is removable. *Imperial Fund, I, LLC v. Orukotan*, No. 21-60162, 2021 WL 752577, at *2 (S.D. Fla. Feb. 25, 2021).

On a motion to remand, the removing party shoulders the burden of establishing federal subject matter jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Because removal jurisdiction raises significant federalism concerns, the Eleventh Circuit directs district courts to construe removal statutes strictly. Indeed, district courts should resolve all doubts regarding jurisdiction in favor of remand to state court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## **ANALYSIS**

As a threshold matter, this case satisfies the section 1332 requirements for federal subject matter jurisdiction. The parties agree that there is complete diversity and that the amount in controversy exceeds $75,000. *See* Mot. [ECF No. 5] at ¶ 4; Reply [ECF No. 11] at 5. Hence, the Court's analysis hinges on the <u>timeliness</u> of Defendant's otherwise proper removal.

Under section 1446(b)(1), Defendant had 30 days after receiving a copy of the initial pleading on June 1, 2021, to file its Notice of Removal—but only if the initial pleading was removable on its face. Plaintiffs' initial pleading states neither Plaintiffs' citizenship nor that the amount in controversy exceeds $75,000. *See generally* Not. of Removal at ¶ 8-9. Plaintiffs implicitly acknowledge this omission, arguing instead that because they sent Defendant a settlement demand on July 14, 2021 stating $88,299.88 in damages, Defendant should have known

the case was removable on that date and had until August 14, 2021 to file their Notice of Removal under section 1446(b).

While it is true that settlement demands can constitute "other paper" indicating the amount in controversy, the amount in controversy is only half of the jurisdictional equation. For the case to be removable, Defendant must have been able to intelligently ascertain *both* that the amount in controversy exceeded $75,000 *and* that complete diversity of citizenship existed between the parties. As Defendant only became aware of Plaintiffs' citizenship upon the Response to Defendant's Request for Admissions, filed on August 25, 2021, they had until September 25, 2021 to file their Notice of Removal. Thus, the Notice of Removal, filed on September 22, 2021, was timely.

Plaintiffs argue that "Defendant knew or should have known, upon the filing of the initial Complaint that there was complete diversity of citizenship among the parties immediately upon receipt of service of process in this action." Reply at ¶ 14. To support this contention, Plaintiffs cite the pre-suit insurance policy that Defendant issued to Plaintiffs. *See id*. at 10-13. This argument fails because pre-suit documents are not "other paper" under section 1446(b)(3). *Firtell v. USAA Cas. Ins. Co.*, No. 19-60945, 2019 WL 7708460, at *2 (S.D. Fla. Aug. 12, 2019). Though "other paper" is broadly defined and may include any formal or informal communication received by a defendant, this Court has explained that documents existing *prior to the commencement of suit* are not "other paper" under section 1446(b)(3). *Id.* Documents are "other paper" under section 1446(b)(3) only if the defendant receives them after receiving the initial pleading. *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013). This rule avoids the uncertainty and judicial inefficiency that would result from requiring courts to peer into what a defendant subjectively knew before the case even started. *Id.* The Court has no interest in imputing

knowledge of pre-suit documents to defendants and thus finds these pre-suit documents concerning the amount in controversy immaterial as to the removability of this case.[1]

Alternatively, Plaintiffs claim the Complaint contained enough information such that Defendant knew or should have known complete diversity existed. Reply at ¶ 8-11. However, the Complaint contained no statements regarding Plaintiffs' citizenship—only their residency. *See generally* Compl. When it comes to subject matter jurisdiction, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). And domicile requires *both* residence in a state and "an intention to remain there indefinitely . . . ." *Id*. at 1258 (internal quotation marks omitted). In other words, merely pleading residency in a state is not equivalent to pleading domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Thus, the fact that Plaintiffs indicated they resided in Florida in their initial Complaint did not allow Defendant to intelligently ascertain they were domiciled there for purposes of removal.

In sum, the Court finds that the Complaint does not establish federal subject matter jurisdiction on its face. Moreover, Plaintiffs improperly rely on pre-suit documents to establish that Defendant should have intelligently ascertained the existence of diversity of citizenship. The document triggering Defendant's 30 days to file a notice of removal was Plaintiffs' Response to Defendant's Request for Admissions, and Defendant properly removed during this period. The Court therefore rejects Plaintiffs' claim that Defendant's removal was untimely.

---

[1] The Court also notes, without further analysis, the absurdity that would result if the Court allowed a document Defendant received more than a month before the initial pleading to trigger removability under section 1446(b)(3)—namely, that the 30-day limit would have expired before the case even began.

## CONCLUSION

Plaintiffs left Defendant in the dark on the issue of federal subject matter jurisdiction until August 25, 2021, when they admitted, at Defendant's request, that they are citizens of Florida. Until Defendant received this "other paper," Defendant could not ascertain intelligently that this action was removable. Plaintiffs' late admissions opened Defendant's 30-day window of opportunity to remove this case under 28 U.S.C. section 1446(b)(3), and Defendant's Notice of Removal—filed less than 30 days later—was timely. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 5] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of November, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**